UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | CR. No.: 4:10-945-TLW |
| vs. | ) | |
| | ) | ORDER |
| Larry Wayne Douglas, | ) | |
| _____ | ) | |

This matter is before the Court on the Defendant's motion to dismiss counts one and three

of the indictment in the above-captioned case. Defendant's motion was filed on filed on January 31,

2011. (Doc. # 100). The Government filed a response to Defendant's motion on February 1, 2011.

(Doc. # 101).

Defendant was charged in four counts of an eleven count indictment. The indictment was

filed on September 28, 2010, and it charges four defendants in count one with being in a conspiracy

to distribute 50 grams or more of crack and a quantity of cocaine. The conspiracy is alleged to have

begun in or around January 2004 and continued up to and including the date of the indictment.

Defendant is also charged with substantive counts of possession with intent to distribute crack

cocaine. Count three charges Defendant with possession with intent to distribute more than 5 grams

of crack cocaine.

Defendant's motion relies on the Fair Sentencing Act of 2010,[1] which was enacted on August

3, 2010, and which narrowed the gap in sentencing between crack cocaine and powder cocaine by

raising the threshold quantity for imposition of a 5-year mandatory minimum sentence from five (5)

grams of crack cocaine to twenty-eight (28) grams of crack cocaine; and by raising the threshold

---

[1]Pub. L. No.111-220, 124 Stat. 2372 (August 3, 2010).

quantity for imposition of a 10-year mandatory minimum sentence from fifty (50) grams of crack

cocaine to two hundred eight (280) grams of crack cocaine.  Defendant indicates that his motion is

directed towards counts one and three of the indictment, because these counts charge specific

quantities of drugs which trigger statutory mandatory minimum penalties and higher maximum

penalties than charging "a quantity" of drugs.  The Defendant asserts that counts one and three are

defective because these counts fail to charge the amounts contained in the FSA which was in effect

at the time of Defendant's indictment and while this conspiracy was still functioning according to

the indictment.  In essence, Defendant asserts that "counts one and [three] of the indictment should

be dismissed because, as they stand now, these counts are a legal nullity, alleging threshold amounts

that conform to prior law and not reflective of Congress' intent that the FSA apply to all defendant's

not yet sentenced."

The Government opposes Defendant's motion on the basis that the FSA is not retroactive.

In its motion the Government asserts that :

> As to count one, the government indicates that it will present evidence of conduct against defendant which occurred prior to August 3, 2010, to sustain the allegations in the indictment.  As to Count 3, Mr. Douglas is basing his entire argument on the acceptance of his retroactive argument which must be denied.

After careful review and consideration, the Court finds the Government's position to be sufficiently

persuasive.   If, as asserted, the Government's evidence establishes that the Defendant's conduct

occurred prior to August 3, 2010, then there is no basis for the requested relief.  The Fair Sentencing

Act does not state that it applies retroactively to defendants whose offense conduct occurred before

its effective date of August 3, 2010. U.S. v. Pearson, 2011 WL 807397, 1 (4th Cir. 2011); United

States v. Wilson, 2010 WL 4561381 (4th Cir. 2010); United States v. Mcallister, 2010 WL 4561395

(4th Cir. 2010);  United States v. Nelson, 2010 WL 4676614 (4th Cir. 2010); See United States v. Diaz, 627 F.3d 930, 931 (2d Cir.2010) (per curiam); United States v. Brewer, 624 F.3d 900, 909 n. 7 (8th Cir.2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir.2010); United States v. Carradine, 621 F.3d 575 (6th Cir. 2010); United States v. Gomes, 621 F.3d 1343 (11th Cir. 2010). The Savings Clause of 1 U.S.C. § 109[2] requires the Court to apply the penalties in place at the time the crime was committed unless the new statute expressly provides for retroactive application. See Carradine, 621 F.3d at 580. The FSA does not contain any provision that the law is retroactive.  The Fourth Circuit has indicated that the FSA is not retroactive.  See, U.S. v. Pearson, 2011 WL 807397, *1 (4th Cir. 2011).  Therefore, the penalty provisions at the time the crime was committed apply.  In As indicated

For the reasons stated above, the Court finds that the Defendant has not set forth a sufficient basis to warrant the requested relief.  Accordingly, Defendant's motion to dismiss counts one and three of the indictment in the above-captioned case is **DENIED**.  (Doc. # 100).

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

March 31, 2011
Florence, South Carolina

---

[2]"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."